IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHARRON MARIE GLOVER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES BRADFORD, )<br>)<br>Defendant. ) | 1:16CV532 |

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the civil Complaint [Doc. #6] filed by Plaintiff Sharron Marie Glover. In conjunction with the Complaint, Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis. For the reasons set out below, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate affirmative

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

In this case, Plaintiff brings a claim against Defendant James Bradford, who Plaintiff identifies as a "rental agent." Plaintiff alleges that she was renting a room in Durham, North Carolina, and Defendant James Bradford was the rental agent. She asserts claims based on "discrimination, defamation of character, libel[], slander[], humiliation, [and] discrimination of the unequal treatment of a person where no reasonable distinction exists among them." She alleges that she "was told to leave premises because of being one week behind in 5 wk month period." (Compl. at 2.) Plaintiff says that she told Defendant Bradford that she could pay all that she owed on the first of the month. Defendant Bradford allegedly told her that she would have to pay by Friday. She claims to have told him that she would let him know how much she could pay. Plaintiff claims that her rental rate was excessive and that she was overcharged. She seeks damages as relief and to not have to leave the premises until she is financially capable of doing so.

Plaintiff's claims apparently are based upon her belief that her rental rate is excessive and that she is being discriminated against. However, she alleges no facts from which the Court may infer that any action taken against her is attributable to unlawful discrimination in housing pursuant to 42 U.S.C. § 3604. No other possible basis for federal jurisdiction appears from

---

drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly"s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

Plaintiff's allegations. Therefore, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted, without prejudice to Plaintiff refiling her claims on the proper forms and in the proper forum, setting out the legal and factual basis for the claims.

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted, without prejudice to Plaintiff refiling her claims on the proper forms and in the proper forum, setting out the legal and factual basis for the claims.

This, the 14th day of July, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
